LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On January 18, 2006, a jury in the Grenada County Circuit Court convicted Calvin Reed of robbery. Reed was sentenced as a habitual offender to serve a term of life without parole in the custody of the Mississippi Department of Corrections. Reed subsequently filed a motion for judgment notwithstanding the verdict, which was denied by the trial court. Reed now appeals to this Court asserting that the trial court erred in failing to grant his motion for a new trial, motion for a JNOV and motion for a directed verdict.
FACTS
¶2. On April 21, 2004, the Grenada County Police Department received a call in reference to a robbery at the Texaco Gas Mart. The store clerk, Jennifer Lea, testified that around 3:45 a.m. a man approached the counter with some items. As Lea was ringing up these items, the man asked for a pack of Newport cigarettes and a can of Skoal. After asking him if he needed anything else, Lea testified that the man ordered her to open the cash *1111 register and give Mm the money. Lea noticed that one of the man’s hands remained in his pocket. The man told Lea not to push the button under the counter and said to her, “Don’t make me hurt you.” Lea emptied the contents of the register into a bag along with the Newport cigarettes, the can of Skoal, potato chips and a purple lighter. The man walked away from the counter with the bag, turned back to look at Lea and told her to go to the back room. Frightened, Lea ran into the back room, locked the door and called the police.
¶ 3. Lea was able to give a description of the man. Lea stated that he had a gold stud in his nose, approximately five teardrop tattoos under his eye and another tattoo on his forehead that resembled devil horns. Lea said he was wearing a blue baseball cap, a blue T-shirt with white writing on it and white pants. The man was also caught on the store’s surveillance camera. Lea was able to identify the man from a photo at the police station.
¶ 4. At the time of the robbery Michael Blakely was standing at the counter of the gas station speaMng with Lea. He noticed a man enter the store, grab a drink and proceed to the counter. Blakely testified that this man said he recognized Blakely from high school and they exchanged names. Blakely stated the man identified himself as Calvin Reed. Blakely then went outside to smoke a cigarette. After a few moments Reed exited the gas station carrying a bag and began to run away from the station. Blakely reentered the store and was informed by Lea that the store had been robbed. Blakely was able to give a description of Reed to the police which resembled Lea’s description.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT REED A NEW TRIAL?
¶ 5. In his first issue, Reed argues that the trial court erred in failing to grant him a new trial. We note that the record contains no motion for a new trial. The record only contains a motion for a JNOV. However, this motion for a JNOV does state that the verdict “was against the overwhelming weight of the evidence.” The remedy for a verdict that is against the overwhelming weight of the evidence is a new trial and not a JNOV. Regardless of the phrasing of Reed’s posttrial motion, his appellate brief is concerned with the sufficiency of the evidence and not the overwhelming weight. Therefore, we will only discuss his issues concerning the JNOV.
II. DID THE TRIAL COURT ERR IN FAILING TO GRANT HIS MOTION FOR A DIRECTED VERDICT AND MOTION FOR A JNOV?
¶6. In his second and third issues on appeal, Reed argues that the trial court erred in failing to grant a directed verdict and in denying his motion for a JNOV. Our standard of review for denials of a motion for JNOV and directed verdict is the same. Jefferson v. State, 818 So.2d 1099, 1111(¶ 30) (Miss.2002). A JNOV and directed verdict challenge the legal sufficiency of the evidence presented at trial. Id. In reviewing the sufficiency of the evidence, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss.Ct.App.2005). Furthermore, it is well-settled law that the jury determines the credibility of witnesses and resolves conflicts in the evidence. Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).
¶ 7. Reed’s entire argument concerns the credibility of the witnesses, Lea *1112 and Blakely. Reed claims that the witnesses were inconsistent because Lea said Reed did not run out of the store and Blakely saw Reed running out of the store. Actually, the testimony shows that Reed walked, albeit briskly, out of the store and, once outside, began to run. Reed also claims that Lea and Blakely planned the robbery and tried to implicate Reed. However, this accusation is unsupported by the record.
¶ 8. Lea was able to identify Reed as the robber and Blakely corroborated Reed’s presence in the gas station. The jury found the testimony of the State’s witnesses to be more credible and resolved any minor inconsistencies in the evidence in favor of the State. When viewed in the light most favorable to the State, the evidence supports the guilty verdict. We find no merit to this issue.
¶ 9. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE AS A HABITUAL OFFENDER TO LIFE WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.