FAIR, J.,
for the Court:
¶ 1. William C. Jackson was convicted in Clarke County Circuit Court of one count of felony escape. Prior to trial, the judge granted the prosecution’s request to try Jackson as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007). As a result, he was sentenced to five years as a habitual offender in the custody of the Mississippi Department of Corrections, without the possibility of parole or probation. His sentence was ordered to run consecutively to any previously imposed sentence. The Mississippi Office of Indigent Appeals represents Jackson on appeal. Jackson’s attorney filed a brief pursuant to Lindsey v. State, 939 So.2d 743, 748 (¶ 18) (Miss.2005). Following the procedure set forth in Lindsey, Jackson filed a pro se brief. On appeal, he claims that: (1) the indictment was defective; (2) he was denied a speedy trial; and (3) he received ineffective assistance of counsel on appeal. We find no error and affirm.
*317 FACTS
¶ 2. On September 9, 2010, Jackson was indicted for felony escape under Mississippi Code Annotated section 97-9-49 (Rev. 2006) for fleeing from the Clarke County Jail. Jackson pled not guilty. The trial was initially set for December 8, 2010, but was continued two separate times due to defense counsel’s illness. Jackson signed both continuance orders, waiving his right to a speedy trial. On July 20, 2011, Jackson’s trial was continued a third time due to plea negotiations. On August 24, 2011, Jackson filed a motion to dismiss the charge against him for failure to provide a speedy trial. The court denied the motion.
¶ 3. The trial commenced on February 27, 2012. The jury returned a guilty verdict, and the trial court sentenced Jackson as a habitual offender to five years without the possibility of parole or probation. Jackson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied his motion. Thereafter, Jackson appealed. Jackson’s counsel filed a Lindsey brief, stating that there were no arguable issues to support an appeal. In Lindsey, the Mississippi Supreme Court set out the procedure to be followed when a defendant’s attorney does not find any arguable issues to support an appeal. Lindsey, 939 So.2d at 748 (¶ 18). Following the Lindsey procedure, Jackson submitted a pro se brief to this Court.
DISCUSSION
¶ 4. Pursuant to Lindsey, if appellate counsel finds no arguable issues on appeal, it is the appellate counsel’s responsibility to file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal. The counsel must then send her client a copy of the brief, informing her client that she found no arguable issue for an appeal, and she must advise the client of his right to file a pro se brief. Id. If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue. Id.
¶ 5. Jackson’s attorney filed a brief indicating that she diligently searched the procedural and factual history of this action and scoured the record, searching for any arguable issues that could be presented in good faith, but she found none. Jackson’s attorney asserts that she examined: (1) the reason for Jackson’s arrest and the circumstances surrounding the arrest; (2) any possible violations of Jackson’s right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistanee-of-counsel issues; and (11) other possible reviewable issues.
¶ 6. Jackson filed a pro se brief. In his brief, he claims that his indictment was defective, he was denied a speedy trial, and he was denied effective assistance of appellate counsel. After a thorough review of the record, this Court finds no arguable, nonfrivolous issues. The three issues raised by Jackson are without merit.
1. Indictment
¶ 7. “The issue of whether an indictment is so flawed as to warrant reversal is a question of law and allows this Court a broad standard of review.” Smith v. State, 989 So.2d 973, 978-79 (¶ 13) (Miss.Ct.App.2008). The primary purpose of an “indictment is to give the defendant fair *318 notice of the crime charged.” Nix v. State, 8 So.3d 141, 144-45 (¶ 6) (Miss.2009) (citing Bell v. State, 360 So.2d 1206, 1208-09 (Miss.1978)). It must contain “the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06.
¶ 8. Jackson was charged with felony escape pursuant to Mississippi Code Annotated section 97-9-49. The statute reads as follows:
(1)(a) Whoever escapes or attempts by force or violence to escape from any jail in which he is confined, or from any custody under or by virtue of any process issued under the laws of the State of Mississippi by any court or judge, or from the custody of a sheriff or other peace officer pursuant to lawful arrest, shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence, or, if the confinement or custody is by virtue of an arrest of or charge for or conviction of a misdemean- or, be punished by imprisonment in the county jail not exceeding one (1) year to commence at the expiration of the sentence which the court has imposed or which may be imposed for the crime for which he is charged.
(b) Whoever escapes or attempts by force or violence to escape from any confinement for contempt of court, shall, upon conviction, be found guilty of a misdemeanor and sentenced to imprisonment not to exceed six (6) months in the county jail.
(2) Anyone confined in any jail who is entrusted by any authorized person to leave the jail for any purpose and who willfully fails to return to the jail within the stipulated time, or after the accomplishment of the purpose for which he was entrusted to leave, shall be an escapee and shall be subject to the penalties provided in subsection (1).
¶ 9. Jackson argues that his indictment is flawed because it does not sufficiently allege the nature and lawfulness of his custody or the basis for his custody. The indictment stated that Jackson did “willfully, unlawfully, and feloniously escape by force from the custody of the Clarke County Sheriffs Department, Quit-man, Mississippi, pursuant to lawful process or arrest, in violation of section 97-9-49.... ” Jackson was adequately informed by the indictment of the nature of the charge against him and the supporting facts. We find this issue to be without merit.
2. Speedy Trial
¶ 10. Jackson argues that the State violated his right to a speedy trial, and that the charges against him should be dismissed. The United States Constitution and the Mississippi Constitution afford a defendant the right to a speedy trial. The Sixth Amendment to the United States Constitution states, in relevant part, that “the accused shall enjoy the right to a speedy and public trial.” Article 3, Section 26 of the Mississippi Constitution likewise states, in part, that “the accused shall have a right to ... a speedy and public trial.” Additionally, Mississippi Code Annotated section 99-17-1 (Rev.2007) creates a statutory right to a speedy trial: “Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.”
Review of a speedy trial claim encompasses the fact question of whether the *319 trial delay rose from good cause. Under this [c]ourt’s standard of review, this [e]ourt will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court’s finding of good cause, this [e]ourt will ordinarily reverse. The [S]tate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.
DeLoach v. State, 722 So.2d 512, 516 (¶ 12) (Miss.1998) (internal citations omitted).
¶ 11. In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court stated that a balancing test consisting of four factors is to be used in determining whether a defendant’s right to speedy trial was violated. The factors are as follows: (1) “[l]ength of delay,” (2) “the reason for the delay,” (3) “the defendant’s assertion of his or her right,” and (4) “prejudice to the defendant.” Id. The court must consider the totality of the circumstances on a case-by-case basis. Boone v. State, 964 So.2d 512, 519 (¶ 13) (Miss.Ct.App.2006).
¶ 12. The constitutional right to a speedy trial attaches at the time of arrest, indictment, or information, when a person has been accused. McBride v. State, 61 So.3d 174, 179 (¶ 11) (Miss.Ct.App.2010). “A delay of eight months or more between arrest and trial is presumptively prejudicial.” Boone, 964 So.2d at 519 (¶ 14). Jackson’s right to a speedy trial attached on August 20, 2010, after the detainer was lodged against him. His trial did not begin until February 2012, which was well over eight months later. Therefore, prejudice is presumed and we must look to the next factor.
¶ 13. “Once there is a finding that the delay is presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons.” DeLoach, 722 So.2d at 517 (¶ 17). The record reveals that the continuances in this case were granted for good cause based on illness of defense counsel and plea negotiations. We see no error here. This factor weighs in favor of the State.
¶ 14. The third factor concerns Jackson’s assertion of his right to a speedy trial. On August 24, 2011, Jackson filed his motion to dismiss the charges against him for failure to provide a speedy trial. “The Mississippi Supreme Court has also stated that a motion for dismissal based on violation of the right to a speedy trial and a demand for a speedy trial are not equivalent, with regard to the Barker analysis, as one seeks discharge and the other an immediate trial.” Mims v. State, 856 So.2d 518, 521 (¶ 6) (Miss.Ct.App.2003) (citing Perry v. State, 637 So.2d 871, 875 (Miss.1994)). Jackson did not file a motion demanding a speedy trial, but instead filed a motion to dismiss prior to trial. Therefore, we find that the third factor weighs against Jackson.
¶ 15. The fourth factor concerns prejudice suffered by the defendant. In order to prevail on a motion to dismiss the charges against him for failure to provide a speedy trial, a defendant is not required to affirmatively show prejudice; however, “an absence of prejudice weighs against a finding of a violation.” Murray v. State, 967 So.2d 1222, 1232 (¶ 30) (Miss.2007) (quoting Atterberry v. State, 667 So.2d 622, 627 (Miss.1995)).
Prejudice ... should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the ac *320 cused; and (iii) to limit the possibility that the defense will be impaired.
Barker, 407 U.S. at 532, 92 S.Ct. 2182. Jackson does not allege prejudice to his defense of the felony-fleeing charge. Nor does Jackson demonstrate that he has suffered anxiety from the charge. Further, the record reflects that the majority of the delay was attributable to Jackson. We find that this factor also weighs against Jackson.
¶ 16. Based on our analysis of the Barker factors, we find Jackson’s argument to be without merit.
3. Ineffective Assistance of Counsel
¶ 17. Jackson seems to argue that his appellate attorney was ineffective because she did not refer to any information in the record to support the appeal. “The standard for considering ineffective assistance of counsel is the same for appellate performance as it is for trial performance.” Foster v. State, 687 So.2d 1124, 1138 (Miss.1996). To succeed on a claim for ineffective assistance of counsel, Jackson must show “that his counsel’s performance was deficient and that the deficiency prejudiced the defense of the case.” Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In his argument, Jackson fails “to show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Therefore, we find no merit to this issue.
¶ 18. After an examination of Jackson’s pro se brief and a thorough review of the record in this case, we find that Jackson raises no arguable issues in support of his appeal. Therefore, we affirm Jackson’s conviction and sentence.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY OF CONVICTION OF FELONY ESCAPE AND SENTENCE OF FIVE YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCE TO RUN CONSECUTIVELY TO ANY SENTENCES PREVIOUSLY IMPOSED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.