LEE, C.J., for the Court:
PROCEDURAL HISTORY
¶ 1. A jury in the Warren County Circuit Court found Albert L. Brisco Jr. guilty of manslaughter by culpable negligence. The trial court sentenced Brisco to *1109 twenty years, with seventeen years to serve in the custody of the Mississippi Department of Corrections and three years of post-release supervision. Brisco filed post-trial motions, which were denied by the trial court. Brisco now appeals asserting the following: (1) the trial court erred in denying his motions for a directed verdict and a judgment notwithstanding the verdict (JNOV); (2) the verdict is against the overwhelming weight of the evidence; and (3) the trial court erred in denying his motion for a mistrial.
FACTS
¶2. During a roadblock conducted by the Warren County Sheriffs Department, Officer Ray Thompson observed a white SUV driving toward the roadblock at a high rate of speed. Officer Thompson testified this SUV accelerated as it reached the roadblock and drove through without stopping, nearly striking one of the officers present. Officer Thompson and Officer Mario Grady pursued the SUV.
¶ 3. Officer Grady testified he lost sight of the SUV for a moment but noticed debris along the road. Officer Grady questioned another motorist, who had seen the white SUV drive off the road and down an embankment near the railroad tracks. This motorist said the SUV was speeding and appeared out of control. Officer Grady saw the SUV at the bottom of the embankment lying on its passenger side.
¶ 4. Officer Thompson was able to extract the driver from the SUV. Officer Thompson read the driver, identified as Brisco, his Miranda[1] rights. Officer Thompson testified he asked Brisco why he drove through the roadblock. Brisco replied that he was drunk. Officer Thompson also testified Brisco was combative and had to be restrained. A sample of Brisco’s blood tested positive for the presence of alcohol, marijuana, and MDMA (ecstacy). The toxicologist determined Brisco’s blood-alcohol content (BAC) was .04%.
¶ 5. An accident reconstructionist conducted an investigation in which he determined Brisco was traveling seventy-six miles per hour, well over the posted forty-five mile per hour speed limit.
¶ 6. One of Brisco’s passengers, Latasha Haggan, who was also Brisco’s girlfriend, was pronounced dead at the scene of the accident.
¶ 7. Brisco testified he failed to stop at the roadblock at Haggan’s insistence. Brisco said Haggan was carrying ecstasy tablets, a bottle of which was found on Haggan’s body. A toxicology report showed that Haggan did not have ecstasy in her system. Brisco also testified he was not drunk at the time of the accident but told the officers this to focus their attention away from Haggan. Brisco stated he had consumed one alcoholic beverage that day, had last smoked marijuana weeks pri- or to the accident, and had ingested ecstasy two days prior to the accident.
DISCUSSION
I. SUFFICIENCY OF THE EVIDENCE
¶ 8. In his first issue on appeal, Brisco argues the trial court erred in failing to grant his motions for a directed verdict and a JNOV. These motions challenge the legal sufficiency of the evidence supporting the guilty verdict. Parker v. State, 30 So.3d 1222, 1234-35 (¶48) (Miss.2010). “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such *1110 circumstances that every element of the offense existed[.]’ ” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. Id. Furthermore, it is well-settled law that the jury determines the credibility of the witnesses and resolves conflicts in the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003). “[The] standard of review for denials of a motion for JNOV and directed verdict is the same.” Reed v. State, 956 So.2d 1110, 1111 (¶ 6) (Miss.Ct.App.2007) (citing Jefferson v. State, 818 So.2d 1099,1111 (¶ 30) (Miss.2002)).
¶ 9. Brisco was convicted of manslaughter pursuant to Mississippi Code Annotated section 97-3-47 (Rev.2006), which states that “[e]very other killing of a human being, by the act, procurement, or culpable negligence of another, and without authority of law, not provided for in this title, shall be manslaughter.” The Mississippi Supreme Court has defined culpable negligence as “the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable risk thereof.” Chandler v. State, 946 So.2d 355, 361 (¶ 22) (Miss.2006) (citation omitted). The supreme court has also defined culpable negligence as “such gross negligence as to evince a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of an act under the surrounding circumstances as to render such conduct tantamount to willfulness.” Id. (quoting Shumpert v. State, 935 So.2d 962, 967 (¶ 14) (Miss.2006)).
¶ 10. Brisco contends that the evidence showed his BAC was under the legal limit, and the State failed to prove he had ingested any illegal substances prior to the accident; therefore, the State could not prove he disregarded the safety of others under circumstances likely to cause injuries. The State did show that Brisco had several illegal substances in his system at the time of the accident. Perhaps more significantly, there was ample proof that Brisco was driving recklessly — he evaded a police roadblock, ran a stop sign, led officers on a high-speed chase, lost control of the SUV, and careened down an embankment.
¶ 11. Our courts have upheld several culpable-negligence-manslaughter convictions in which the defendant caused an automobile accident resulting in death. See Goldman v. State, 406 So.2d 816, 817-20 (Miss.1981) (defendant drove automobile across solid yellow line, causing oncoming automobile to run off the road and resulting in the driver’s death); Gebben v. State, 108 So.3d 956, 975 (¶ 58) (Miss.Ct.App.2012) (defendant unlawfully passed a school bus, hit a child, and fled the scene); Montgomery v. State, 910 So.2d 1169, 1174 (¶ 17) (Miss.Ct.App.2005) (fatal automobile collision resulted from defendant running a red light).
¶ 12. Viewing the evidence in the light most favorable to the State, any rational juror could have found beyond a reasonable doubt that Brisco was guilty of culpable-negligence manslaughter. This issue is without merit.
II. WEIGHT OF THE EVIDENCE
¶ 13. Brisco further contends his conviction is against the overwhelming weight of the evidence. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to *1111 stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). Brisco’s arguments are similar to those expressed in the previous issue. From the evidence described in the previous issue, we cannot find that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.
III. MOTION FOR MISTRIAL
¶ 14. Finally, Brisco claims the trial court erred in denying his motion for a mistrial. During Officer Grady’s testimony, the jury was shown the dashcam video showing the chase and the wreck. The record indicates an emotional outburst by an audience member, in which this person ended up on the floor. The trial judge immediately sent the jury out to discuss the situation with the attorneys. The trial judge instructed the State to advise Hag-gan’s family members to control their emotions and refrain from further outbursts. After bringing the jury back into the courtroom, the trial judge instructed them to base their decision on the facts and the law but not sympathy. The trial judge asked each juror if they would be able to do so, and each juror responded in the affirmative. Only after the testimony of three more State witnesses and a lunch break did Brisco move for a mistrial based upon the outburst.
¶ 15. Since Brisco failed to move for a mistrial in a timely manner, this issue is procedurally barred on appeal. See Herrington v. State, 690 So.2d 1132, 1139 (Miss.1997) (motion must be made contemporaneously with the allegedly improper utterance); Collins v. State, 81 So.3d 1174, 1179 (¶ 13) (Miss.Ct.App.2011). This issue is without merit.
¶ 16. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF CULPABLE-NEGLIGENCE MANSLAUGHTER AND SENTENCE OF TWENTY YEARS, WITH SEVENTEEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THREE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).