# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00588-COA

**CHRISTOPHER ANDERSON A/K/A**             **APPELLANT**
**CHRISTOPHER WAYNE ANDERSON A/K/A**
**CHRISTOPHER W.E. ANDERSON A/K/A**
**CHRISTOPHER WAYNE**

v.

**STATE OF MISSISSIPPI**                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ATTEMPTED AUTO BURGLARY AND SENTENCED AS A HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE |
| DISPOSITION: | AFFIRMED: 01/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     A Forrest County jury found Anderson guilty of attempted burglary. The trial court

sentenced Anderson as a habitual offender under Mississippi Code Annotated section

99-19-81 (Rev. 2015) to seven years in the custody of the Mississippi Department of Corrections, without the possibility of probation or parole. Anderson appeals, arguing that the evidence was legally insufficient to convict him. We find no error and affirm.

**FACTS**

¶2.     On September 2, 2013, the owner of Club Memories in Hattiesburg, Mississippi – Allen Tatum – was inside the club waiting for deliveries. The club was not open for business that day. He had parked his 2001 Ford F-150 just outside the entrance to the club.

¶3.     Around 9 a.m., Tatum heard someone banging on the club door, like they were "trying to pull it open or break in." He looked outside and saw a man trying to get into his truck by punching the keypad on the keyless-entry feature (which was not activated). At that point, Tatum called the Hattiesburg Police Department and reported the incident. He described the man as a white male wearing a gray t-shirt and blue jeans, probably in his late thirties or early forties, with a medium build. Tatum waited inside the club until the police arrived. The police arrived just a few minutes later and saw Anderson, who matched Tatum's description, near the truck. After his arrest, Anderson gave a statement to the police. He said he tried to get into the truck because he thought it was for sale. Anderson did not testify at trial.

**DISCUSSION**

¶4.     Anderson argues the trial court erred in denying his motions for a directed verdict and a judgment notwithstanding the verdict (JNOV). Anderson's motions challenge the legal sufficiency of the evidence supporting the guilty verdict. *Parker v. State*, 30 So. 3d 1222,

2

1234-35 (¶48) (Miss. 2010). Thus:

> [T]he critical inquiry is whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed. If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. The jury determines the credibility of witnesses and resolves conflicts in the evidence.

*Barron v. State*, 130 So. 3d 531, 536 (¶13) (Miss. Ct. App. 2013) (internal citations and quotation marks omitted). The standards of review for denials of motions for JNOV and directed verdict are the same. *Reed v. State*, 956 So. 2d 1110, 1111 (¶6) (Miss. Ct. App. 2007) (citation omitted).

¶5. Anderson was convicted under Mississippi Code Annotated sections 97-1-7 and 97-17-33 (Rev. 2014). Section 97-1-7 (attempt) provides:

> Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no other specific provision is made by law for the punishment of the attempt, be punished by imprisonment and fine for a period and for an amount not greater than is prescribed for the actual commission of the offense so attempted.

¶6. Section 97-17-33 (burglary) provides:

> Every person who shall be convicted of breaking and entering, in the day or night, any . . . automobile, truck or trailer in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, . . . shall be guilty of burglary.

¶7. The elements of an attempted crime include: "(1) an intent to commit a particular

3

crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission." *Croft v. State*, 992 So. 2d 1151, 1159 (¶33) (Miss. 2008) (citation omitted). Anderson's sole contention on appeal is that there was insufficient evidence to show he intended to steal.

¶8.     The jury heard testimony from Tatum, Officer Eric Gannon, and Detective Narottam Holden.  Tatum provided his eyewitness account, stating that he saw Anderson trying to get into his truck.  Officer Gannon testified that, when he arrived, Anderson was walking away from the vehicle.  He arrested Anderson based on the incident report, and then asked Tatum to list some of the truck's contents.  Tatum said he had a Bible, some loose change, and his title and insurance in the truck.  Officer Gannon asked Tatum if he could look inside the truck.  Tatum agreed.  All of the items Tatum had listed were in the truck.  A copy of Tatum's original title was admitted into evidence.  According to Officer Gannon, Anderson said he had bought the truck.  Tatum testified that he had never seen Anderson before that day and that his truck was not for sale.

¶9.     Detective Holden was assigned as the lead investigator on Anderson's case.  He interviewed Anderson after the arrest, and Anderson gave him a statement.  Anderson told Holden that he found a letter in his hotel room stating that there was a vehicle waiting for him at Club Memories with some keys and money inside.  According to Anderson, the letter also told him to contact the owner of the vehicle and make arrangements for the purchase.  So he went to the club and tried to open the truck with the keyless-entry feature. At trial,

4

Anderson put on no evidence in his defense.

¶10.    When reviewing a challenge to the sufficiency of the evidence, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Byrd v. State*, 158 So. 3d 1146, 1151 (¶14) (Miss. 2015) (quoting *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)).  We hold that the evidence presented by the State was legally sufficient to allow the jury to conclude, beyond a reasonable doubt, that Anderson was guilty of attempted auto burglary.  The trial court did not abuse its discretion in denying Anderson's motion for a directed verdict and JNOV.  Therefore, we affirm the judgment of the circuit court.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF ATTEMPTED AUTO BURGLARY AND SENTENCE AS A HABITUAL OFFENDER TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES AND WILSON, JJ., CONCUR.**