# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00436-COA

**JULIUS BENDER A/K/A JULIUS LADALE BENDER**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:               02/23/2017
TRIAL JUDGE:                    HON. EDDIE H. BOWEN
COURT FROM WHICH APPEALED:      JASPER COUNTY CIRCUIT COURT,
                                SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: MOLLIE MARIE MCMILLIN
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: BILLY L. GORE
DISTRICT ATTORNEY:              DANIEL CHRISTOPHER JONES
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED  - 03/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., FAIR AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Julius Ladale Bender was indicted in the Circuit Court of the Second Judicial District of Jasper County on one count of possession of a firearm by a convicted felon.  After a jury trial, Bender was sentenced as a non-violent habitual offender to ten years in the custody of the Mississippi Department of Corrections.  Bender filed for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial.  The circuit court denied his motion. Bender appeals.

¶2.     On appeal, Bender's appellate counsel filed a brief in compliance with *Lindsey v.*

*State*, 939 So. 2d 743 (Miss. 2005). Bender filed a supplemental pro se brief asserting several claims. After independently reviewing the record, this Court finds no issues warranting reversal. Therefore, we affirm.

**FACTS**

¶3. On September 3, 1997, Bender pled guilty to the felony crime of possession of a Schedule II controlled substance. Years later, on April 26, 2014, Bender was involved in an altercation on Richards Street; shots were fired, and Officer Eric Winfrey was called to the scene. Although Bender was not under arrest, Winfrey handcuffed him and proceeded to question him about the shooting. Bender stated that he had been jumped by a local gang and they shot at him. At first, Bender denied having a gun but then admitted to having one. Winfrey retrieved the gun and took it into police custody.

¶4. In August 2015, Bender was indicted for willfully, unlawfully and feloniously possessing a firearm after being convicted of a felony. During the trial, Bender admitted purchasing a gun from a pawn shop in Laurel in 2007. Bender claims he thought the pawn shop ran a background check on him and that his previous conviction had been expunged.

¶5. A jury found Bender guilty of possession of a firearm by a convicted felon, and he was sentenced as a non-violent habitual offender to ten years in the custody of the Mississippi Department of Corrections, without eligibility for reduction, suspension, parole, or probation. Bender filed an unsuccessful motion for a JNOV or a new trial. Bender appeals.

**DISCUSSION**

¶6. The Mississippi Supreme Court outlined a procedure in *Lindsey* that appellate counsel for an indigent criminal defendant must follow after determining that there are no arguable issues in the record:

(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)];

(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal.

(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey*, 939 So. 2d at 748 (¶18) (internal citations omitted).

¶7. Bender's appellate counsel complied with all the requirements of *Lindsey*. Appellate counsel stated she "diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to

3

the Court on Mr. Bender's behalf in good faith for appellate review, and upon conclusion, has found none."

¶8.     Additionally, counsel states she mailed Bender a copy of the brief and informed Bender that she found no arguable issues in the record. Lastly, counsel informed Bender that he had the right to file a pro se brief, and she requested that this Court grant Bender an additional forty days to do so. Bender filed a pro se brief asserting several claims.

>           I.      *Ineffective Assistance of Counsel*

¶9.     To prove a claim of ineffective assistance, Bender must show that his trial counsel's performance was "deficient" and "prejudiced his defense." *Jones v. State*, 203 So. 3d 657, 660 (¶16) (Miss. Ct. App. 2016). Bender does not point to anything in the record to support this claim, and he does not explain exactly how or why his trial counsel was allegedly ineffective.

¶10.    Additionally, "ineffective assistance [claims] are most appropriately raised in post-conviction proceedings." *Byrd v. State*, 158 So. 3d 1146, 1150 (¶12) (Miss. 2015). "This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately." *Id.* Bender's vague allegation is impossible to review, so it is dismissed without prejudice. Bender can seek the Supreme Court's leave to raise this issue in a motion for post-conviction relief.

>           II.     *Sufficiency of the Evidence*

4

¶11.   "In appeals from an overruled motion for JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State." *Campbell v. State*, 125 So. 3d 46, 51 (¶10) (Miss. 2013) (quoting *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993)).  "We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Id.*  Bender admits to pleading guilty to a felony in 1997 and purchasing a gun in 2007.  After a review of the record, we hold that "reasonable and fair-minded jurors" could have found Bender guilty.

### III.   Weight of the Evidence

¶12.   This Court has held that "[w]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Baxter v. State*, 177 So. 3d 423, 446-47 (¶78) (Miss. Ct. App. 2014).  "The evidence must be viewed in the light most favorable to the verdict." *Id.* at 447 (¶78).

¶13.   During trial, Bender testified to both pleading guilty to a felony crime in 1997 and to purchasing a gun in 2007.  Accordingly, we find that the verdict does not sanction an unconscionable injustice.

### IV.   Excessive Sentencing and a Possible Misapplication of the Law

¶14.   "In reviewing sentences, this Court will not engage in analyzing a sentencing order unless it is considered constitutionally disproportionate or not within the statutory limits."

*Everett v. State*, 835 So. 2d 118, 123-24 (¶21) (Miss. Ct. App. 2003). The statutory limit for a person convicted of a felon and possessing a firearm is "not less than one (1) year nor more than ten (10) years." Miss. Code Ann. § 97-37-5(2) (Rev. 2014). Bender's sentence of ten years is within the statutory limit. Therefore, this issue is without merit.

### V.     *All Exhibits and the Record as a Whole*

¶15.    Bender claims that "the entire trial transcript and the contents of the records" and "all exhibits, whether admitted into evidence or not" support overturning his conviction. However, Bender does not assert any legal authority to support his claim. This "Court has no obligation to address issues in which there is a failure to cite relevant authority." *Keller v. State*, 138 So. 3d 817, 860 (¶110) (Miss. 2014). Accordingly, this claim is procedurally barred.

### VI.     *Prosecutorial Misconduct*

¶16.    Bender claims that "possible prosecutorial misconduct" affected the outcome of his trial. However, Bender fails to assert any facts or legal authority to support his claim. *See id.* Notwithstanding the procedural bar, we find no evidence of prosecutorial misconduct. Therefore, we find no merit to this issue.

### VII.     *The Indictment*

¶17.    Bender challenges the sufficiency of his indictment in support of a JNOV or a new trial. The purpose of an "indictment is to give the defendant fair notice of the crime charged." *Nix v. State*, 8 So. 3d 141, 144 (¶6) (Miss. 2009) (citing *Bell v. State*, 360 So. 2d

1206, 1208-09 (Miss. 1978)). "It must contain the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." *Jackson v. State*, 121 So. 3d 313, 318 (¶7) (Miss. Ct. App. 2013).

¶18. Bender does not explain how the indictment was allegedly insufficient. This Court has held that

> [a]n appellant cannot give cursory treatment to an issue and expect this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.

*Satterfield v. State*, 158 So. 3d 380, 383 (¶6) (Miss. Ct. App. 2015). Further, we find that he was adequately informed of the charges against him. Therefore, this Court finds no error.

## CONCLUSION

¶19. After reviewing the record, this Court finds there was sufficient evidence to support Bender's conviction. Appellate counsel properly filed a brief under *Lindsey*. The issues in Bender's pro se brief are procedurally barred and meritless. An independent review of the record reveals no issue warranting reversal or additional briefing. Accordingly, we affirm the circuit court judgment.

¶20. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**